## Case No. 14,656a.

### UNITED STATES v. BROWN.[1]

Circuit Court, S. D. New York.[2]

HOMICIDE — CORPUS DELICTI — PRESUMPTIVE EVIDENCE — HOW EVIDENCE TO BE WEIGHED.

[The law does not now require direct proof of the killing, or that the body was afterwards found. It does not prescribe any positive or exclusive mode of proof, but admits individual or presumptive evidence to prove the fact of death, with the admonitory caution, however, that it be weighed with scrupulous circumspection. See U. S. v. Mathews. Case No. 15,741a.]

Brown, otherwise called Baker, with two others of the crew, was indicted for the murder of the master of the schooner Sarah Lavinia in July 1843, upon the high seas, by drowning. He was tried in the circuit court before Betts, District Judge, in December, 1843, and convicted and adjudged to execution. The proof was that the mate was thrown overboard by the prisoner and his associates intentionally, but there was no proof that his body was seen after his death. The defense was taken that there was no legal proof of the corpus delicti.

A fact indispensable to the maintenance of the indictment is that Walter A. Nicoll, the former mate of the schooner Sarah Lavinia, is dead. The identity of the accused, his violent struggle and conflict with —— on board the vessel, out at sea, with a murderous purpose, and even the absence of —— since that occurrence, do not necessarily import his death by violence. The substance of the crime is the killing, and that fact must be proved to the full conviction of the jury. It is a question of law what description of evidence is competent and must be given to establish the fact. The rule declared by very high authority, and in terms which it is supposed exclude all other evidence than direct proof of the killing or that the dead body was afterwards found (2 Hale, P. C. 290), is not sustained by the later authorities in England or this country.

BY THE COURT: The law does not prescribe any positive or exclusive mode of proof. It admits of individual or presumptive evidence to prove the fact of death, as it does to prove the identity of the deceased and the murderer, but with the admonitory caution that it be weighed with scrupulous circumspection. This view of the law was adopted and acted upon in this court by Judge Thompson and myself in 183., in the case of U. S. v. Wilhelms [not reported]. and two others who

were indicted for murder on board the American vessel on the high seas by drowning. The prisoners were proved to have made a mutiny and revolt on board the ship, and to have attacked with great violence the officers of the vessel with deadly weapons, with intent to kill, and after having disabled the master in the conflict. and rendered him insensible, to have cast him overboard, and subsequently to have hauled the mate from his cabin in a wounded and disabled condition, and then thrown him overboard whilst begging for his life, and that those persons were never seen afterwards. The court instructed the jury that the evidence was admissible to prove the death of the master and mate by drowning. The jury found the prisoners guilty, and they were condemned to be executed. One committed suicide, one was executed, and my impression is that the other (quite a youth) was pardoned. The same doctrine had been recognized in the district court in the case of U. S. v. Gibert [Case No. 15,204].

## Case No. 14,657.

### UNITED STATES v. BROWN.

[1 Cranch. C. C. 210.][1]

Circuit Court, District of Columbia. Dec. Term, 1804.

WITNESS — OWNER OF STOLEN GOODS — RELEASE OF INTEREST IN FINE.

The owner of the goods stolen, having released to the United States his interest in the fine, is a competent witness for the United States, upon the prosecution under the act of congress.

[Cited in U. S. v. Tolson, Case No. 16,530.]

Indictment [against Scipio Brown] for stealing a pair of boots, the property of Benjamin Birch. Benjamin Birch executed a release to the United States of all his right to the fine, and was thereupon examined as a witness for the United States, generally, upon the authority of the case of U. S. v. McCann [Case No. 15,655], and of a former case, U. S. v. Clancey [Id. 14,800]; U. S. v. Hare [Id. 15,302]. Bill of exceptions taken.

Verdict, guilty. Sentence, twenty stripes, and one dollar fine.